# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| ANN M. KOONTZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. EDCV 09-794 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

　　　　Ann M. Koontz filed this action on April 22, 2009.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on May 15 and May 18, 2009.  On November 18, 2009, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The Court has taken the matter under submission without oral argument.

　　　　Having reviewed the entire file, the Court remands this matter to the Commissioner for a calculation of benefits.

///

///

///

///

# I.

## PROCEDURAL BACKGROUND

In August 2003, Koontz filed an application for disability insurance benefits alleging an onset date of January 8, 2001. Administrative Record ("AR") 13, 96-98. The application was denied initially and upon reconsideration. AR 24-25. An Administrative Law Judge ("ALJ") conducted a hearing on February 21, 2007. AR 384-419. On May 17, 2007, the ALJ issued a partially favorable decision, finding that Koontz has been disabled beginning on September 1, 2006. AR 20. On March 5, 2009, the Appeals Council denied Lozano's request for review. AR 4-6. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///
///
///

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found Koontz met the insured status requirements through September 30, 2006. AR 13. Koontz had the following severe impairments since her alleged onset date of disability, January 8, 2001: major depressive disorder and panic disorder with agoraphobia. AR 15. Since September 1, 2006, Koontz "also exhibits severe hepatosplenomegaly;[1] diabetes mellitus; hypertension; left hip bursitis; and history of ovarian cancer. Prior to September 1, 2006, [her] hepatosplenomegaly, diabetes mellitus, hypertension, and history of ovarian cancer were not severe, and her bursitis was not medically determinable." *Id.* (citation omitted).

The ALJ found that "prior to September 1, 2006, [Koontz] had the residual functional capacity to perform simple repetitive tasks in unskilled settings," and "was capable of performing her past relevant work as an assembler." AR 16, 19. "As of September 1, 2006, the claimant's severe physical impairments further limit her to the performance of light work, lifting and/or carrying 10 pounds frequently and 20 pounds occasionally, sitting 6 hours per day, and standing and/or walking 4 hours per day, with occasional postural activities." AR 16.

---

[1] Hepatosplenomegaly is an abnormal enlargement of the liver and spleen.

Since that date, "there are not a significant number of jobs in the national economy that the claimant could perform." AR 19. Thus, Koontz "was not disabled prior to September 1, 2006, but became disabled on that date and has continued to be disabled through the date of this decision." *Id.* (citations omitted).

### C. Disability Onset Date

Koontz argues that the "ALJ's partially favorable decision finding her disabled with an onset of September 1, 2006, is not supported by substantial evidence." (JS 4.) The Court agrees.

Where "medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the [ALJ] to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination." *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991). The onset date must be "supported by the evidence." Social Security Ruling ("SSR") 83-20[2]; *see also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("The question . . . is whether the onset date actually chosen is supported by substantial evidence, not whether another date could reasonably have been chosen.").

The ALJ fixed the disability onset date as September 1, 2006. AR 13, 19. The ALJ stated he "concur[s] with the testimony of the medical expert ["ME"] as to the severity and limiting effects of the claimant's physical impairments as of September 2006." AR 17. The ALJ stated that "the record supports the testimony of the medical expert and the claimant's allegations of a recent worsening, effective September 2006." AR 18. The ALJ essentially adopted the

---

[2] Social Security Rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given difference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

4

ME's assessment of Koontz's functional limitations. *Compare* AR 16 *with* AR 408, 412.

The ME, however, expressly attributed Koontz's functional limitations to her liver impairment. AR 408. The ALJ inquired as follows:

> Q: . . . And the question is how far back these limitations span? The time, in other words, at what point does her condition justify the limitations that you've given us?
>
> A: As far back as when she had the – 13F-7, dated 11/30 of '04, the main diagnosis of enlarged liver.

AR 412 (referring to AR 314). The ALJ acknowledged the ME testified to an onset date of November 2004.[3] AR 416, 418. The ME did not testify to any worsening of Koontz's condition in September 2006. The ALJ's reliance on the ME's testimony to support an onset date of September 1, 2006 clearly is not supported by substantial evidence.

The ALJ's opinion elsewhere states that the examining physician and state agency opinions represent "the best evidence as to the nature and severity of the claimant's physical impairments" prior to September 1, 2006. AR 17. This finding is not supported by substantial evidence. Both opinions pre-date the liver impairment identified as the cause of Koontz's functional limitations by the ME. The consultative examiner's opinion was dated December 8, 2003. AR 245-50. The state agency opinion was dated February 9, 2004. AR 269-70. Neither opinion mentions or addresses a liver impairment. *See Magallanes*, 881 F.2d at 755 (when there is material change in claimant's condition, "medical reports from an early phase of the disease are likely to be less probative than later reports").

---

[3] The ME's testimony is consistent with the treating physician's letter dated May 6, 2005, stated that "it is in the best interest of the patient to be declared as disabled" due to her ovarian cancer, liver disease, and severe arthritis in both hips. AR 307; AR 17.

The ALJ's opinion also cited Koontz's testimony in finding that her symptoms had recently worsened and were "generally well controlled prior to September 2006." AR 18, 19. Koontz testified she did not know how the liver affected her. AR 394. She does not appear to have testified that her symptoms were well controlled prior to September 1, 2006. The record reveals numerous complaints and fluctuating symptomology, including abdominal pain, during the period November 30, 2004 to September 1, 2006. AR 310-16, 330-35, 341.

The ALJ's onset date of September 1, 2006 is not supported by substantial evidence.[4] Crediting the ME's testimony as the ALJ did, the onset date is November 30, 2004 and a remand for calculation of benefits is appropriate. AR 18 ("the record supports the testimony of the medical expert").

## IV.
## ORDER

IT IS HEREBY ORDERED that the matter is remanded to the Commissioner for calculation of benefits with an onset date of November 30, 2004.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 2, 2010

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[4] In light of this conclusion, it is unnecessary to address Koontz's other contentions.

6